# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RENEE HART,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-3443-15-0472-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: January 21, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renee Hart, Battle Creek, Michigan, pro se.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the Board does not have jurisdiction over an employment practices claim, we AFFIRM the initial decision.

¶2        The appellant is a GS-11 Contract Specialist for the Defense Logistics Agency. Initial Appeal File (IAF), Tab 1 at 7. In April 2015, she applied for a GS-12 Contract Administrator position at the Defense Contract Management Agency (the agency). *Id.* at 8-15. On July 1, 2015, the agency informed the appellant that she had not been selected for the position because she had withdrawn herself from further consideration. *Id.* at 14-15.

¶3        The appellant subsequently filed an appeal with the Board and requested a hearing. *Id.* at 1-6. She disputed that she had withdrawn herself from further consideration and asserted that her nonselection was unlawful and discriminatory. *Id.* at 5. In an acknowledgment order, the administrative judge informed the appellant that the Board may not have jurisdiction over her nonselection appeal. IAF, Tab 2 at 2. She advised the appellant that the Board generally lacks the authority to address a nonselection claim except where the unsuccessful candidate alleges that the agency's decision was made in retaliation for whistleblowing, the product of discrimination based on uniformed service, or in violation of her veterans' preference rights. *Id.* She ordered the appellant to file evidence and argument on the jurisdictional issues. *Id.* After receiving no response from the appellant, the administrative judge issued an order to show cause further explaining the appellant's burden of proving the Board's jurisdiction over her

appeal and ordering her to show cause why her appeal should not be dismissed for lack of jurisdiction. IAF, Tab 4 at 1-2. She advised the appellant that her failure to respond to the order would result in the dismissal of the appeal. *Id.* at 2-3. The appellant did not respond. IAF, Tab 5, Initial Decision (ID) at 3.

¶4 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID at 1, 3-4. Specifically, she found that the Board lacks jurisdiction over the appellant's nonselection for the Contract Administrator position, and also found that the Board lacked jurisdiction over any claims of harmful error, prohibited personnel practices, or discrimination absent an otherwise appealable action. ID at 3-4.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶6 In her petition for review, the appellant states that she did not intend to ignore the administrative judge's orders, but was out of the office for surgery and recovery and then had difficulty accessing her e-Appeal account. *Id.* at 3-4. She also disputes the administrative judge's finding that the Board lacks jurisdiction over her appeal and asserts that the Board has jurisdiction over unfair and discriminatory employment practices. [2] *Id.* at 5. Specifically, she alleges that the

---

[2] To the extent that the appellant is asserting an employment practices claim under 5 C.F.R. § 300.104(a), we modify the initial decision to find that she has failed to nonfrivolously allege that the Board has jurisdiction over this claim because she does not allege that the Office of Personnel Management (OPM) was involved in her nonselection, a prerequisite for such a claim. *See, e.g.*, *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887-88 (Fed. Cir. 1998) (finding that the appellant failed to establish the Board's jurisdiction over his employment practices claim because he did not show OPM's "significant" involvement in the selection process). Instead, she alleges that the agency improperly advised OPM that she had withdrawn her application. IAF, Tab 1 at 5, 14-15. Ordinarily, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, however, the appellant did not assert an employment practices claim that would have required the administrative judge to have provided her with such notice. *Cf. Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶¶ 7-9 (2007) (remanding the appellant's appeal for jurisdictional notice on and adjudication

agency discriminated against her based on her age and failed to: afford her the priority consideration to which she claims she was entitled; prove that she was fairly rated for employment; and respond to her request for feedback on the decision process. *Id.* at 4-5. In support of her arguments, she submits evidence of a prior inquiry that she made with the agency into the reason why she was not considered for a different Contract Administrator position. *Id.* at 6-10. She also submits letters from the agency dated March 18, 2014, advising her of her entitlement to priority consideration for future Contract Specialist and Contract Administrator positions. *Id.* at 11-13.

¶7        We find that the appellant's arguments on review do not provide a reason to disturb the initial decision. The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[3] 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, if an appellant makes a nonfrivolous allegation[4] of Board jurisdiction over an appeal, she is entitled to a jurisdictional hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally lacks jurisdiction over an employee's nonselection for a position. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). Despite the general lack of jurisdiction, however, an employee may appeal her nonselection by other statutory means, such as under the Veterans Employment Opportunities Act, under the Uniformed Services Employment and Reemployment Rights Act,

---

of his employment practices claim where the appellant explicitly raised this claim below).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

or through an individual right of action appeal if she claims retaliation for whistleblowing. *See id.*, ¶¶ 5-6, 9, 12 (addressing a nonselection for a promotion claim).

¶8    Here, the appellant has indicated that she is not eligible for veterans' preference and has not claimed any military service or whistleblowing. IAF, Tab 1 at 1, 4-5. Further, the appellant's claims of harmful error, age discrimination, and prohibited personnel practices do not alter the conclusion that the Board lacks jurisdiction over her nonselection. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that the Board lacks jurisdiction over an appellant's harmful error claim absent an appealable underlying action); *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (finding that the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶9    For these reasons, we agree with the administrative judge's finding that the Board lacks jurisdiction over the appellant's nonselection appeal and we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.